CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JEANNETTE F. SWENT, Assistant United States Attorney (#6043)
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email:  Jeannette.Swent@usdoj.gov

Associate Local Counsel for Plaintiff

Mary Jo O'Neill, AZ Bar #005924 (Pro Hac Vice)
Sally C. Shanley, AZ Bar #012251 (Pro Hac Vice)
Richard Sexton, AZ Bar #202584 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        richard.sexton@eeoc.gov

Attorneys for Plaintiff

---

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | Case No. 2:10 CV 00705 DAK |
| | : | |
| vs. | : | COMPLAINT |
| | : | |
| THE SERVICE MASTER COMPANY,<br>a Delaware corporation, and THE<br>TERMINIX INTERNATIONAL<br>COMPANY, L.P., a Delaware<br>corporation, | : | (JURY DEMANDED) |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendants The ServiceMaster Company and The Terminix International Company, L.P., to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Tori Walker, and a class of women, who were adversely affected by such practices.  The Commission alleges that Tori Walker, and a class of women, were subjected to unwelcome sexual comments and conduct by Defendants' employees, which created a hostile work environment because of their sex, female, and that this conduct resulted in constructive discharges.  The Commission further alleges that Defendants had actual or constructive notice of the hostile work environment, and failed to adequately respond.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, The ServiceMaster Company, a Delaware corporation ("ServiceMaster"), has continuously been doing business in the State of Utah, including Salt Lake City, and has at all relevant times had at least 15 employees.

5.     At all relevant times, The Terminix International Company, L.P., a Delaware corporation ("Terminix"), has continuously been doing business in the State of Utah, including Salt Lake City, and has at all relevant times had at least 15 employees.

6.     At all relevant times, Defendants ServiceMaster and Terminix have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times, Defendants ServiceMaster and Terminix operated as an integrated enterprise/single employer and/or acted as a joint employer.  Defendant ServiceMaster exercised control and influence over the operations of Terminix, including labor relations, in at least the following ways:

- Controlling Terminix's finances and payroll;

- Participating with Terminix in firing decisions and EEOC investigations, including the investigation giving rise to this complaint;

- Directing benefits and sales compensations policies and/or procedures regarding Terminix employees;

- Creating and disseminating policies relating to the Terminix workplace, including discrimination policies, and identifying ServiceMaster officials as contact persons; and

- Representing itself as having authority to address issues brought by employees at Terminix.

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Tori Walker filed a Charge of Discrimination with the Commission, alleging that the Defendants

violated Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.      Charging Party, Tori Walker, and a class of similarly situated female employees, were employed by Defendants ServiceMaster and Terminix.

10.     At all relevant times, Kevin Hall was the Service Manager for Defendants.

11.     Since at least September 2007, Defendants have engaged in unlawful employment practices at their Salt Lake City, Utah facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a).  These practices include the harassment of Tori Walker and a class of women because of their sex, female, which created a hostile work environment.  These practices include, but are not limited to:

      a.  Comments of a sexual nature made to female employees on a regular basis by Kevin Hall, including suggestions that he would like Ms. Walker to come to work wearing nothing but Vaseline;

      b.  Comments of a sexual nature made to female employees on a regular basis by Kevin Hall, including suggestions that the women should be strippers so they could lap dance for him;

      c.  Comments of a sexual nature made to female employees on a regular basis by Kevin Hall, including suggestions that the women should not wear a top into work; and

      d.  Branch managers being aware of the hostile work environment and failed to take appropriate action; and

      e.  Constructively discharged Tori Walker and a class of women.

12.     Defendants knew or should have known about the hostile work environment and failed to respond in an appropriate manner.

13.     The effect of the practices complained of in paragraph 11 above has been to deprive Tori Walker, and a class of women, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

14.     The additional effect of the practices complained of in paragraph 11 above has been to cause constructive discharges of Tori Walker and a class of women.

15.     The unlawful employment practices complained of in paragraph 11 above were intentional.

16.     The unlawful employment practices complained of in paragraph 11 above were done with malice and/or with reckless indifference to the federally protected rights of Tori Walker and a class of women employed by Defendants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in the harassment of employees because of sex and any other employment practice which discriminates against any individual on the basis of sex.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make whole Tori Walker, and a class of women, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

D.     Order Defendants to make whole Tori Walker, and a class of women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, in amounts to be determined at trial.

E.     Order Defendants to make whole Tori Walker, and a class of women, by providing compensation for past and future nonpecuniary losses resulting from the

unlawful practices complained of in paragraph 11 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendants to pay Tori Walker, and a class of women, punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 11 through 16 above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

      The Commission requests a jury trial on all questions of fact raised by this complaint.

      RESPECTFULLY SUBMITTED this 27th day of July, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney

s/ *Jeannette F. Swent*
JEANNETTE F. SWENT
Assistant United States Attorney
185 South State Street, Suite #300
Salt Lake City, Utah  84111
(801) 534-5682

Associate Local Counsel for Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street  NE, 5TH Floor
Washington, D.C. 20507-0004

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Supervisory Trial Attorney

_/s/ Richard Sexton_
RICHARD SEXTON
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5003

Attorneys for Plaintiff