_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORHERN DIVISION**
_____

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>vs.<br><br>SERVICE MASTER COMPANY,<br>a Delaware corporation, and TERMINIX<br>INTERNATIONAL COMPANY, L.P.,<br>a Delaware corporation,<br><br>                Defendants. | Case No. 2:10-CV-00705 DAK<br><br>**CONSENT DECREE** |

_____

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action on July 27, 2010 against The Service Master Company and Terminix International Company, L.P. ("Defendants") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Civil

1

Rights Act of 1991, 42 U.S.C. § 1981a.  In its Complaint, the Commission alleged that Defendants engaged in unlawful sex discrimination, including sexual harassment, in violation of Section 703(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a).  These practices include subjecting Tori Walker, and a class of female employees, to unwelcome sexual harassment, including sexual comments and jokes by Defendants' managers and/or employees, which created a hostile work environment because of sex.  The Commission further alleged that other managers were aware of the hostile environment and failed to take appropriate corrective action.  The Commission alleges that the effect of these practices has been to cause constructive discharges of Tori Walker and a class of female employees.  The Commission seeks appropriate relief to Ms. Walker, and a class of female employees.

Defendants deny that they engaged in any unlawful employment practices as alleged by the Commission or that they otherwise violated Title VII or the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a).

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to these matters.  No waiver, modification or amendment of any provision of this Consent Decree may be effective unless made in writing and signed by all parties.  No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

**It is hereby ORDERED, ADJUDGED, and DECREED:**

1. This decree resolves all claims of the Commission against Defendants in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

## INJUNCTION

2. Defendants and their officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from (a) engaging in discrimination against any employees at any Terminix branch location in the State of Utah ("Branch Locations") on the basis of sex, including but not limited to sexual harassment, and (b) retaliating against any employees at its branch locations in the State of Utah because s/he (i) opposed discriminatory conduct believed to be unlawful under Title VII, (ii) reported conduct believed to be unlawful under Title VII to managers of Defendants, (iii) filed a charge, assisted, or participated in the filing of a charge of sex discrimination, including sexual harassment, or (iv) assisted or participated in an investigation or proceeding resulting from any of the preceding items.

## MONETARY RELIEF

3. Judgment is entered in favor of the Commission and against Defendants in the amount of one hundred forty thousand dollars ($140,000).

4. Defendants shall pay the settlement amount separately to Tori Walker, and a class of female employees by check, cashier's check, or money order, in accordance with Paragraph Five (5) of this Decree. These payments represent settlement of compensatory damages, and shall be distributed to Tori Walker, and each class member, as set forth in Exhibit A within fifteen (15) calendar days of the entry of this Decree. By January 31, 2012, Defendants shall issue United States Internal Revenue Service 1099 forms for all payments.

5. Within ten calendar days of the entry of this Decree, the EEOC will provide the names, mailing addresses, and amounts to be paid to each of the class members so that

Defendants can effectuate the terms of this paragraph.

6. The check provided for in Paragraph Four (4) of this Decree shall be mailed directly by Defendants to Tori Walker, and each class member, at the addresses supplied by the Commission. Within five (5) business days of issuance of the checks, Defendants shall furnish a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

7. Defendants will not condition the receipt of monetary relief on Tori Walker's, or any class member's agreement to: (a) maintain as confidential the terms of this Decree, or the facts and allegations underlying the action; (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from applying for employment with Defendants.

## **OTHER RELIEF**

8. Defendants shall expunge from the personnel files of Tori Walker, and each class member, all references, if any, to the charges of discrimination filed against Defendants or participation in this action.

9. Within thirty (30) days of the entry of this Decree, Defendants shall provide Tori Walker, and each class member, with a personalized copy of the written statement attached as Exhibit B, signed and printed on Defendants' corporate letterhead. Defendants will follow it customary practice of providing only dates of service, position and pay rates to prospective employers of Tori Walker or any identified class member so long as that individual's name has been provided to the Defendant by the EEOC. Defendants will offer no explanation for why it will not provide additional employment information to prospective employers, or any other entities that inquire about the employment history of Tori Walker or any class member, other than to state that it is Defendants' policy to provide only the dates of service, position, and pay rates.

10. Defendants shall review and revise, if necessary, policies and practices that help assure a work environment free from sex discrimination, including sexual harassment of their employees, and that allow employees to raise concerns or complaints without

retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist Defendants in their efforts to assure a work environment free of sex discrimination and retaliation, Defendants shall take the actions provided in Paragraphs Eleven (11) through Seventeen (17) of this Decree.

## **DEFENDANTS' CORRECTIVE POLICIES AND PRACTICES**

11. Within sixty (60) days of the entry of this Decree, Defendants shall post for the duration of this Decree the notice attached as Exhibit B in a prominent place frequented by its employees in all Branch Locations. The notice shall be the same type, style, and size as Exhibit B.

12. Within ninety (90) days, Defendants shall provide training on sex discrimination, including sexual harassment, and retaliation, according to the following terms:

> A. Defendants shall retain and pay for a consultant/trainer (the "Trainer") who shall provide consultation and training for a period of two (2) years from the date of this Decree. This Trainer shall be an attorney specializing in the field of employment discrimination law. During each of the next three (3) years, Defendants shall mandate that all employees of the Branch Locations must attend the following training: (1) a live-seminar training by the Trainer (for the first two years); and (2) watch a video tape or DVD of this live-seminar training (for the third year). The training will focus on how to identify, report, and document sex discrimination (including sexual harassment) and retaliation observed or experienced by employees. This training will also discuss disciplinary actions that will be taken against any employee who engages in sex discrimination or retaliation. Defendants must obtain the EEOC's written approval for the Trainer which approval may not be unreasonably withheld. All employees of the Branch Locations, shall attend this training by no later than 6 months from the date this Decree has been entered by the Court, and each year during the term of this decree. In addition to the live and video sessions discussed above, each newly hired employee of the Branch Locations for the duration of this Decree will

be required to complete sex discrimination training through either a live session, video tape or computer based training. Defendant may, at its election, have duplicate videotaped sessions to accommodate staffing needs such as sick employees who are unable to attend the regularly scheduled training session.

B. In addition to the training discussed in Paragraph 12(A) above, all human resources, supervisory, and managerial staff who have responsibilities over any employees of the Branch Locations must attend a minimum two-hour live training on preventing, identifying, investigating, and addressing sex discrimination (including sexual harassment) and retaliation in the workplace during the first year. This training shall be conducted by the Trainer retained by Defendants pursuant to Paragraph 12(A) above. For the second and third years, all human resources, supervisory, and managerial staff who have responsibilities over any employees of the Branch Locations must attend a minimum one-hour live refresher course regarding the topics described in this paragraph, and any updates to them. The refresher courses must be conducted by the President, in-house counsel, Vice President of human resources, or any other individual qualified to give information regarding Defendants' policies on sex discrimination and retaliation.

C. During the first year, the seminar-training sessions discussed in Paragraph 12(A-B) shall be conducted within six (6) months of the entry of this Decree. For the second and third years, the seminar-training sessions shall be conducted between ten (10) and fourteen (14) months of the previous year's training.

D. The seminar-training sessions discussed in Paragraph 12(A) shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers. All persons attending any of the trainings as discussed in Paragraph 12(A-B) shall sign a registry of attendance. Defendants shall retain these registries for the duration of the Decree.

E. The seminars shall include the subject of what constitutes sex discrimination (including sexual harassment) and retaliation; that discrimination in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment violates Title VII; how to prevent sex discrimination and retaliation; how to provide a work environment free from sex discrimination and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sex discrimination or retaliation in the workplace. The session shall also include a review and explanation of Defendants' policies regarding these subjects.

F. During the live training sessions discussed in Paragraph 12(B) above, Defendants' General Counsel, Vice President of the legal department, or Vice President of human resources (the "Designated Speaker") shall discuss the disciplinary actions that will be taken against supervisors, managers, and employees who (1) commit acts of discrimination or retaliation, (2) fail to properly and promptly act on complaints/reports of sex discrimination (including sexual harassment) or retaliation, (3) fail to properly and promptly act on observations of conduct that may rise to the level of sex discrimination or retaliation, or (4) otherwise allow sex discrimination or retaliation to occur in the workplace. The Designated Speaker shall also discuss the importance of maintaining an environment free of sex discrimination and retaliation and Defendants' policy with regard to sex discrimination and retaliation referred to in Paragraph Fourteen (14) of this Decree. The Designated Speaker may appear live or by video conference or by video tape or similar means.

13. The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions discussed in Paragraph 12(A-B) above. Defendants shall provide written notice to the Regional Attorney of the EEOC's Phoenix District Office of the time, date, and location of each annual training scheduled

pursuant to Paragraph 12(A-B) above at least thirty (30) days before each training. The EEOC will provide Defendants written notice of its intent to attend the training sessions at least one (1) week prior to the scheduled training.

14. For the term of this Decree, Defendant shall review and revise, if necessary, their written policies concerning sex discrimination and retaliation to conform to the law to include the following criteria, at a minimum:

> A. A strong and clear commitment to a workplace free of sex discrimination (including sexual harassment) and retaliation;
>
> B. Clear and complete definitions of sex discrimination and retaliation, with many relevant examples;
>
> C. A clear and strong encouragement of persons who believe they have been harassed based on sex or retaliated against to come forward;
>
> D. A description of the consequences, up to and including termination, which will be imposed upon violators of the policy;
>
> E. Assurances of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;
>
> F. An assurance of non-retaliation for witnesses of sex discrimination and persons who believe they have been discriminated against based on sex;
>
> G. That sex discrimination by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;
>
> H. The identification of specific individuals with their telephone numbers, to whom employees who have observed discrimination, have suffered discrimination, or retaliated against can report the discrimination, including a written statement that the employee may report the harassment and/or discrimination to designated persons outside their chain of management;
>
> I. Assurances that Defendants will investigate sex discrimination and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be

taken by Defendants to make victims whole and to eradicate the sex discrimination and retaliation.

J. Assurances that Defendants shall promptly and appropriately respond to all complaints of sex discrimination and/or retaliation.

These policies shall be distributed to all employees of the Branch Locations within sixty (60) days of the entry of the Decree. These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree. These policies also shall be posted in a prominent place frequented by the employees at the Branch Locations.

15. Within sixty (60) days of the entry of this Decree, Defendants shall institute a procedure, in all Branch Locations, which evaluates all employees with supervisory roles on their performance in responding to complaints or observations of sex discrimination and retaliation, if any. Each of these employees shall be advised that the failure of such an employee to enforce the sex discrimination and anti-retaliation policy may result in disciplinary action, up to and including termination.

16. Defendants shall promptly and appropriately respond to all complaints of sex discrimination and/or retaliation. The response shall include an investigation and a finding of whether sex discrimination and/or retaliation occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and detailed concurrent notes of the investigation. Defendants shall take immediate appropriate corrective and remedial action, up to and including terminating harassers and retaliators.

17. Defendants will not maintain a practice of retaining documents related to any investigation in the personnel file of any employee who complains of sex discrimination or retaliation. However, all disciplinary actions taken against employees for violation of Defendants' sex discrimination and/or anti-retaliation policy will be retained in that employee's personnel file where a violation is found and discipline is imposed. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall not be destroyed and kept either in the personnel file of the employee alleged to have engaged in harassment or retaliation, or in a separate file.

18. Within thirty (30) days of the entry of this Decree, Defendants shall provide Tori Walker, and each class member, with the written signed apology attached as Exhibit D, printed on Defendants' letterhead. This written apology shall be sent to addresses provided by the EEOC separately.

## REPORTING BY DEFENDANTS AND ACCESS BY EEOC

19. Defendants shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information:

    A. Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of sex discrimination and/or retaliation;

    B. The name, address, position, and telephone number of any individual in the Branch Locations who reports or complains of sex discrimination and/or retaliation (by use of the Company's Ethics Hotline or to management officials) during the Twelve (12) months preceding the report. The nature of the complaint, investigatory efforts made by Defendants, and the corrective action taken, if any, shall be specified;

    C. Copy of the registry of persons attending the training required in Paragraph 12(D) of this Decree;

    D. Confirmation that:

        (i) the Notice required in Paragraph Eleven (11) of this Decree was posted and the location where it was posted;

        (ii) the trainings required by Paragraph Twelve (12) were completed;

        (iii) the policies required in Paragraph Fourteen (14) of this Decree were distributed to current and new employees;

        (iv) the expungement from Tori Walker's, and each class members' personnel files required in Paragraph Eight (8) of this Decree took

place, the date of the expungement, and the specific documents expunged;

(v) the issuance of the neutral reference mandated in Paragraph Nine (9);

(vi) the procedure required by Paragraph Fifteen (15) was instituted;

(vii) the investigation and response requirements to complaints of discrimination in Paragraph Sixteen (16) were instituted;

(viii) the document retention requirements set out in Paragraph Seventeen (17) were instituted; and

(ix) the issuance of apology letters mandated in Paragraph Eighteen (18).

E. A copy of the policy required in Paragraph Fourteen (14) of this Decree;

F. A copy of the written statement issued pursuant to Paragraph Nine (9).

20. Defendants shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. § 1602.7, commonly known as the "Employer Information Report EEO-1."

21. The Commission, for the duration of this Decree and upon reasonable notice, shall have the right to enter and inspect any of the Branch Locations for the sole purposes of attending a seminar specified above as necessary to ensure compliance with this Decree.

## **COSTS AND DURATION**

22. Each party shall bear its own costs and attorney's fees incurred as a result of this action through the filing of this Decree.

23. The duration of this Decree shall be three (3) years from its entry. This Court shall retain jurisdiction over this action for the duration of the decree, during which the Commission may petition this Court for compliance with this Decree. This Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry, without further action by the parties.

24. The parties agree to entry of this Consent Decree and judgment subject to final

approval by the Court.

   25. Despite the court's retention of jurisdiction over the case, the Clerk of Court shall close the case because this decree resolves all claims asserted in this lawsuit.

Dated this 30th day of June, 2011.

_____
Hon. Dale A. Kimball
United States District Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| s/ Mary Jo O'Neill<br>Mary Jo O'Neill<br>Regional Attorney<br><br>s/ Sally C. Shanley<br>Sally C. Shanley<br>Supervisory Trial Attorney<br><br>s/ Richard I. Sexton<br>Richard I. Sexton<br>Trial Attorney<br><br>**Equal Employment Opportunity Commission**<br>3300 N. Central Ave., Suite 690<br>Phoenix, AZ 85012<br><br>Attorneys for Plaintiff | _____<br>Authorized Representative of Defendant<br><br>Mark M. Petzinger, Esq.<br>Vice President & Associate General Counsel<br><br>_____<br>Attorneys for Defendant |